**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Thomas L. Taylor III, solely in his capacity as Court-appointed Receiver for Kaleta Capital Management, Inc., *et al.*, | § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 4:15-cv-272 |
| David G. Wallace, Costa Bajjali, Laffer Frishberg Wallace Economic Opportunity Fund, L.P. d/b/a LFW Economic Opportunity Fund, and West Houston WB Realty Fund, L.P., | § § § § § § | |
| *Defendants*. | § § | |

---

**RECEIVER'S ORIGINAL COMPLAINT**

---

**I.**
**THE PARTIES**

1.      Plaintiff **Thomas L. Taylor III** ("Receiver") was appointed by this Court in the civil action styled *SEC v. Kaleta, et al.*, Civil Action No. 4:09-cv-3674 (S.D. Tex. 2009) (the "Enforcement Action") as equity receiver for defendant Kaleta Capital Management, Inc. ("KCM") and relief defendants BusinessRadio Network, L.P. ("BizRadio") and Daniel Frishberg Financial Services, Inc. ("DFFS"), and all entities they owned or controlled (collectively the "Receivership Defendants"). *See* Enforcement Action Docs. 7, 34 (hereinafter cited as "EA Doc. _") (the "Orders Appointing Receiver"). The Receiver is asserting the claims herein solely in his capacity as Court-appointed receiver for the Receivership Defendants.

2.     Defendant **David G. Wallace** ("Wallace") is an individual residing in the Houston, Texas metropolitan area. Wallace will be served pursuant to the Federal Rules of Civil Procedure.

3.     Defendant **Costa Bajjali** ("Bajjali") is an individual residing in the Houston, Texas metropolitan area. Bajjali will be served pursuant to the Federal Rules of Civil Procedure.

4.     Defendant **Laffer Frishberg Wallace Economic Opportunity Fund, L.P. d/b/a LFW Economic Opportunity Fund** ("LFW Fund") is a Delaware limited partnership with its principal place of business in Sugar Land, Texas. LFW Fund will be served through its registered agent, Defendant Wallace, or in another manner permitted by the Federal Rules of Civil Procedure.

5.     Defendant **West Houston WB Realty Fund, L.P.** ("West Houston Fund") is a domestic limited partnership with its principal place of business in Sugar Land, Texas. West Houston Fund will be served through its registered agent, Defendant Wallace, or in another manner permitted by the Federal Rules of Civil Procedure.

## II.
## JURISDICTION AND VENUE

6.     This Court has jurisdiction over this action, and venue is proper, under Section 22(a) of the Securities Act of 1933 (the "Securities Act") (15 U.S.C. § 77v(a)), Section 27 of the Securities Exchange Act of 1934 (the "Exchange Act") (15 U.S.C. § 78aa), and pursuant to FED. R. CIV. P. 4(k)(1)(c) and 28 U.S.C. §§ 754 and 1692.

7.     As the Court that appointed the Receiver, this Court has jurisdiction over any claim brought by the Receiver in his capacity as Receiver for the Receivership Defendants.

8.     Moreover, this Court approved, and retained jurisdiction over disputes arising out of, a Compromise Settlement and Release Agreement between Receiver and Defendants. *See EA*

Doc. 210 p. 4 ¶6 ("The Court shall have and retain jurisdiction over all matters related to the administration, interpretation, effectuation, or enforcement of this Order, the Compromise Settlement and Release Agreement between the Wallace Bajjali Parties[1] and the Receiver, and any related disputes"). The replacement promissory notes and guaranty agreements executed pursuant to the Court-approved Compromise Settlement and Release Agreement form the basis for this action. Further, Defendants submitted to this Court's jurisdiction through the replacement promissory notes and guaranty agreements executed pursuant to the parties' Compromise Settlement and Release Agreement.

### III.
### STATEMENT OF FACTS

9.      This Court appointed Plaintiff as the Receiver for Receivership Defendant KCM on December 2, 2009. EA Doc. 7. On June 17, 2010, the Court expanded the scope of the Order Appointing Receiver to include Receivership Defendants BizRadio and DFFS. EA Doc. 34.

10.     The Court ordered the Receiver to take control of and marshal the assets and records of the Receivership Estate in order to make an equitable distribution to claimants injured by the fraud alleged in the Complaint (EA Doc. 1) of the Securities and Exchange Commission (the "Commission"). EA Doc. 7.

11.     The Receiver's investigation into the financial and business affairs of the Receivership Defendants revealed, *inter alia*, that KCM had transferred investor proceeds to, or made payments with investor proceeds on behalf of, Defendants Wallace and Bajjali (together, the "Guarantor Defendants") and entities under their control, including Defendants LFW Fund and West Houston Fund (together the "Fund Defendants").

---

[1] The "Wallace Bajjali Parties" are Defendants Wallace, Bajjali, West Houston Fund, and LFW Fund, and non-parties Wallace Bajjali Investment Fund II, L.P., Spring Cypress Investments, L.P. ("Spring Cypress") and Wallace Bajjali Development Partners, L.P.

12.    The Receiver and the Wallace Bajjali Parties commenced settlement negotiations through counsel with respect to numerous claims that were held by the Receivership entities including, *inter alia*, debts owed by the Defendants to KCM.

13.    During settlement negotiations, the Wallace Bajjali Parties provided to the Receiver sworn affidavits of financial condition and other financial documentation, subject to confidentiality agreements. The Receiver relied upon the representations made by the Wallace Bajjali Parties in their sworn financial disclosures -- and submitted these disclosures to the Court for *in camera* review -- in agreeing to the terms of the settlement presented to the Court for approval.

14.    The terms of the Receiver's settlement with the Wallace Bajjali Parties included, *inter alia*, the execution by the Fund Defendants and Spring Cypress of replacement promissory notes with respect to debts owed by them to KCM prior to the appointment of the Receiver. The Receiver further required that the Guarantor Defendants execute guaranty agreements with respect to those replacement promissory notes.

15.    On September 12, 2011 the Receiver filed the Motion for Order Approving Proposed Settlement and for Ancillary Orders (EA Doc. 113) (the "Settlement Motion," incorporated herein by reference) through which the Receiver sought approval of his negotiated Compromise Settlement and Release Agreement with the Wallace Bajjali Parties (EA Doc. 113-1). After an extensive evidentiary hearing, the Settlement Motion was approved by the Court on February 7, 2012. EA Doc. 170. Certain objecting investors moved for reconsideration which, following a hearing, was denied on August 1, 2012. *See* EA Docs. 209, 210. Several of those objecting investors then appealed the Court's Order to the U.S. Court of Appeals for the Fifth

Circuit. EA Doc. 214. The Court of Appeals affirmed the District Court's Order approving the settlement on or about August 13, 2013. *See* EA Doc. 249.

16.     Following entry of the Fifth Circuit's mandate affirming the District Court's Order, the Wallace Bajjali Parties executed the prescribed replacement promissory notes and guaranty agreements pursuant to the terms of the Court-approved Compromise Settlement and Release Agreement. Because of the passage of time pending determination of the Settlement Motion by the District Court and the objecting investors' appeal to the Court of Appeals, the date of maturity of the replacement promissory notes as originally presented to the District Court (December 31, 2012) had passed. On October 21, 2013 the Receiver moved this Court to modify the Court-approved settlement (EA Doc. 252), requesting a modification of the dates of maturity of the replacement promissory notes to December 31, 2014. The Court granted the requested modifications by Order entered on November 15, 2013. EA Doc. 259.

17.     On or about November 26, 2013, Defendant Wallace, on behalf of the Fund Defendants and Spring Cypress, executed the modified replacement notes pursuant to the Compromise Settlement and Release Agreement.

18.     On or about November 26, 2013, the Guarantor Defendants executed the modified guaranty agreements with respect to the modified replacement notes pursuant to the Compromise Settlement and Release Agreement.

19.     The replacement promissory notes giving rise to the causes of action asserted herein (attached hereto as Exhibits A – E and incorporated herein by reference) (the "Replacement Notes") and the guaranty agreements giving rise to the causes of action asserted

herein (attached hereto as Exhibits F – O and incorporated herein by reference) (the "Guaranty Agreements") are as follows:[2]

    a.    LFW Fund Replacement Note dated as of August 12, 2008 with a principal amount of $250,000 and annual interest rate of 15% ("LFW Note 1") (attached hereto as **Exhibit A**).

    b.    LFW Fund Replacement Note dated as of May 6, 2009 with a principal amount of $25,000 and annual interest rate of 11% ("LFW Note 2") (attached hereto as **Exhibit B**) (Exhibits A and B are hereinafter referred to as the "LFW Replacement Notes").

    c.    West Houston Fund Replacement Note dated as of March 26, 2009 with a principal amount of $360,176.35 and annual interest rate of 11% ("West Houston Note 1") (attached hereto as **Exhibit C**).

    d.    West Houston Fund Replacement Note dated as of March 30, 2009 with a principal amount of $215,000 and annual interest rate of 11% ("West Houston Note 2") (attached hereto as **Exhibit D**).

    e.    West Houston Fund Replacement Note dated as of April 7, 2009 with a principal amount of $20,000 and annual interest rate of 11% ("West Houston Note 3") (attached hereto as **Exhibit E**) (Exhibits C – E are hereinafter referred to as the "West Houston Replacement Notes").

    f.    Defendant Wallace Guaranty Agreement with reference to LFW Note 1 (attached hereto as **Exhibit F**).

---

[2] The Defendants are liable for interest on the Replacement Notes accruing from the "dated as of" date of each note, which is the date of the original indebtedness to KCM.

g.    Defendant Wallace Guaranty Agreement with reference to LFW Note 2 (attached hereto as **Exhibit G**).

h.    Defendant Wallace Guaranty Agreement with reference to West Houston Note 1 (attached hereto as **Exhibit H**).

i.    Defendant Wallace Guaranty Agreement with reference to West Houston Note 2 (attached hereto as **Exhibit I**).

j.    Defendant Wallace Guaranty Agreement with reference to West Houston Note 3 (attached hereto as **Exhibit J**) (Exhibits F – J are hereinafter referred to as the "Wallace Guaranty Agreements").

k.    Defendant Bajjali Guaranty Agreement with reference to LFW Note 1 (attached hereto as **Exhibit K**).

l.    Defendant Bajjali Guaranty Agreement with reference to LFW Note 2 (attached hereto as **Exhibit L**).

m.    Defendant Bajjali Guaranty Agreement with reference to West Houston Note 1 (attached hereto as **Exhibit M**).

n.    Defendant Bajjali Guaranty Agreement with reference to West Houston Note 2 (attached hereto as **Exhibit N**).

o.    Defendant Bajjali Guaranty Agreement with reference to West Houston Note 3 (attached hereto as **Exhibit O**) (Exhibits K – O are hereinafter referred to as the "Bajjali Guaranty Agreements").

20.    Pursuant to the terms of the Replacement Notes, principal and accrued interest amounts were due and payable to the Receivership Estate upon the earlier of (i) the fifth business day after the date that the respective Fund Defendant had completed the sale of all or

substantially all of its real estate assets and received all of the purchase price therefore; or (ii) December 31, 2014. The failure of the Fund Defendants to make payment within five business days of the date such payment was due constituted an event of default.

21.     Interest accrued on the principal amount of each Replacement Note at the respective annual rates stated above, daily and without capitalization, based upon a 365-day year (or a 366-day year, during leap years, for LFW Note 2). In this regard, the accrued interest from the "dated as of" dates for each Replacement Note through maturity on December 31, 2014 is calculated as follows:

> a.      LFW Note 1: $102.74 per day, for 2,332 days, totaling $239,589.04;
>
> b.      LFW Note 2: $7.53 per day, for 2,065 days, totaling $15,558.22;
>
> c.      West Houston Note 1: $108.55 per day, for 2,106 days, totaling $228,598.50;
>
> d.      West Houston Note 2: $64.79 per day, for 2,102 days, totaling $136,198.08; and
>
> e.      West Houston Note 3: $6.03 per day, for 2,094 days, totaling $12,621.37.

22.     Post-maturity, interest on LFW Note 1 and the West Houston Replacement Notes continues to accrue daily as of January 1, 2015 in the amounts stated above. As of January 29, 2015, post-maturity interest has accrued in the following amounts:

> a.      LFW Note 1: $102.74 per day, for 29 days, totaling $2,979.45;
>
> b.      West Houston Note 1: $108.55 per day, for 29 days, totaling $3,147.84;
>
> c.      West Houston Note 2: $64.79 per day, for 29 days, totaling $3,069.38; and
>
> d.      West Houston Note 3: $6.03 per day, for 29 days, totaling $285.10.

23.     Following the maturity date of LFW Note 2, interest began to accrue on all unpaid principal -- and unpaid interest at maturity -- at an annual rate equal to the weekly rate ceiling in effect as provided in TEX. FIN. CODE §303.002. This rate is 18% annually for the relevant post-maturity time period. *See* Office of Consumer Credit Commissioner, Interest Rates, http://www.occc.state.tx.us/pages/int_rates/Index.html [accessed January 29, 2015]. Accordingly, post-maturity interest on LFW Note 2 accrues daily as of January 1, 2015 in the amount of $20.00 per day. As of January 29, 2015, $580.00 in post-maturity interest has accrued on LFW Note 2.

24.     On January 5, 2015 the Receiver made written demand upon the Fund Defendants, through counsel, for full payment of principal and interest due on the Replacement Notes. *See* **Exhibit P** attached hereto, and incorporated herein by reference. The Fund Defendants failed to make the required payments on the Replacement Notes within five business days of the date such payments were due. This failure constitutes an event of default on the Replacement Notes.

25.     Pursuant to the terms of the Guaranty Agreements, upon the occurrence of an event of default by a Fund Defendant on a Replacement Note, each respective Guarantor Defendant was required to pay the amount of principal and accrued interest due on each such Replacement Note within 10 business days after written demand by the Receiver.

26.     On January 14, 2015, following the default of the Fund Defendants on the Replacement Notes, the Receiver made written demand upon the Guarantor Defendants, through counsel, for the payment of amounts due under the Replacement Notes. *See* **Exhibits Q, R** attached hereto (and incorporated herein by reference). The Guarantor Defendants failed to make the required payments on the Replacement Notes pursuant to the Guaranty Agreements within 10

business days of the Receiver's written demand. This failure constitutes a default by the Guarantor Defendants on the Guaranty Agreements.

## IV.
## CAUSES OF ACTION

**COUNT I:      Breach of Contract (Promissory Note) against LFW Fund**

27.      The Receiver incorporates and re-alleges paragraphs 1 through 26 as if fully set forth herein.

28.      LFW Note 1 is a valid and enforceable contract between LFW Fund and the Receiver, as receiver for Kaleta Capital Management, Inc.

29.      The Receiver has performed all contractual obligations under LFW Note 1.

30.      LFW Fund has breached LFW Note 1 by failing to make payment of the amounts due pursuant to the terms of LFW Note 1 upon demand of the Receiver.

31.      LFW Fund's breach of LFW Note 1 has caused injury to the Receiver in the amount of $250,000 in principal, plus $239,589.04 in pre-maturity interest, plus $2,979.45 in post-maturity interest as of the date of this filing and accruing at $102.74 per day hereafter.

32.      The Receiver is entitled to all costs of collection, including reasonable attorneys' fees, with respect to LFW Note 1, pursuant its terms.


**COUNT II:     Breach of Contract (Promissory Note) against LFW Fund**

33.      The Receiver incorporates and re-alleges paragraphs 1 through 26 as if fully set forth herein.

34.      LFW Note 2 is a valid and enforceable contract between LFW Fund and the Receiver, as receiver for Kaleta Capital Management, Inc.

35.      The Receiver has performed all contractual obligations under LFW Note 2.

36.     LFW Fund has breached LFW Note 2 by failing to make payment of the amounts due pursuant to the terms of LFW Note 2 upon demand of the Receiver.

37.     LFW Fund's breach of LFW Note 2 has caused injury to the Receiver in the amount of $25,000 in principal, plus $15,558.22 in pre-maturity interest, plus $580.00 in post-maturity interest as of the date of this filing and accruing at $20.00 per day hereafter.

38.     The Receiver is entitled to all costs of collection, including reasonable attorneys' fees, with respect to LFW Note 2, pursuant its terms.


**COUNT III:   Breach of Contract (Promissory Note) against West Houston Fund**

39.     The Receiver incorporates and re-alleges paragraphs 1 through 26 as if fully set forth herein.

40.     West Houston Note 1 is a valid and enforceable contract between West Houston Fund and the Receiver, as receiver for Kaleta Capital Management, Inc.

41.     The Receiver has performed all contractual obligations under West Houston Note 1.

42.     West Houston Fund has breached West Houston Note 1 by failing to make payment of the amounts due pursuant to the terms of West Houston Note 1 upon demand of the Receiver.

43.     West Houston Fund's breach of West Houston Note 1 has caused injury to the Receiver in the amount of $360,176.35 in principal, plus $228,598.50 in pre-maturity interest, plus $3,147.84 in post-maturity interest accrued as of the date of this filing and accruing at $108.55 per day hereafter.

44.     The Receiver is entitled to all costs of collection, including reasonable attorneys' fees, with respect to West Houston Note 1, pursuant its terms.

**COUNT IV:   Breach of Contract (Promissory Note) against West Houston Fund**

45.     The Receiver incorporates and re-alleges paragraphs 1 through 26 as if fully set forth herein.

46.     West Houston Note 2 is a valid and enforceable contract between West Houston Fund and the Receiver, as receiver for Kaleta Capital Management, Inc.

47.     The Receiver has performed all contractual obligations under West Houston Note 2.

48.     West Houston Fund has breached West Houston Note 2 by failing to make payment of the amounts due pursuant to the terms of West Houston Note 2 upon demand of the Receiver.

49.     West Houston Fund's breach of West Houston Note 2 has caused injury to the Receiver in the amount of $215,000 in principal, plus $136,198.08 in pre-maturity interest, plus $3,069.38 in post-maturity interest as of the date of this filing and accruing at $64.79 per day hereafter.

50.     The Receiver is entitled to all costs of collection, including reasonable attorneys' fees, with respect to West Houston Note 2, pursuant its terms.

**COUNT V:    Breach of Contract (Promissory Note) against West Houston Fund**

51.     The Receiver incorporates and re-alleges paragraphs 1 through 26 as if fully set forth herein.

52.     West Houston Note 3 is a valid and enforceable contract between West Houston Fund and the Receiver, as receiver for Kaleta Capital Management, Inc.

53.     The Receiver has performed all contractual obligations under West Houston Note 3.

54.     West Houston Fund has breached West Houston Note 3 by failing to make payment of the amounts due pursuant to the terms of West Houston Note 3 upon demand of the Receiver.

55.     West Houston Fund's breach of West Houston Note 3 has caused injury to the Receiver in the amount of $20,000 in principal, plus $12,621.37 in pre-maturity interest, plus $285.10 in post-maturity interest as of the date of this filing and accruing at $6.03 per day hereafter.

56.     The Receiver is entitled to all costs of collection, including reasonable attorneys' fees, with respect to West Houston Note 3, pursuant its terms.


**COUNT VI:   Breach of Contract (Guaranty Agreements) against David G. Wallace**

57.     The Receiver incorporates the previous paragraphs as if fully set forth herein.

58.     The Wallace Guaranty Agreements are valid and enforceable contracts between Wallace and the Receiver, as receiver for Kaleta Capital Management, Inc.

59.     The Receiver has performed all contractual obligations under the Wallace Guaranty Agreements.

60.     Wallace has breached the Wallace Guaranty Agreements by failing to make payment of the amounts due pursuant to the terms of the Wallace Guaranty Agreements upon demand of the Receiver.

61.     Wallace's breach of the Wallace Guaranty Agreements has caused injury to the Receiver in amounts equal to the damages pleaded in paragraphs 31, 37, 43, 49 and 55 above.

62.     The Receiver is entitled to all costs of collection, including reasonable attorneys' fees, with respect to the Wallace Guaranty Agreements, pursuant their terms.

63.     Wallace is jointly and severally liable for all damages and costs of collection, including reasonable attorneys' fees, sustained by the Receiver with respect to the Replacement Notes and Wallace Guaranty Agreements.


**COUNT VII: Breach of Contract (Guaranty Agreements) against Costa Bajjali**

64.     The Receiver incorporates the previous paragraphs as if fully set forth herein.

65.     The Bajjali Guaranty Agreements are valid and enforceable contracts between Bajjali and the Receiver, as receiver for Kaleta Capital Management, Inc.

66.     The Receiver has performed all contractual obligations under the Bajjali Guaranty Agreements.

67.     Bajjali has breached the Bajjali Guaranty Agreements by failing to make payment of the amounts due pursuant to the terms of the Bajjali Guaranty Agreements upon demand of the Receiver.

68.     Bajjali's breach of the Bajjali Guaranty Agreements has caused injury to the Receiver in amounts equal to the damages pleaded in paragraphs 31, 37, 43, 49 and 55 above.

69.     The Receiver is entitled to all costs of collection, including reasonable attorneys' fees, with respect to the Bajjali Guaranty Agreements, pursuant their terms.

70. Bajjali is jointly and severally liable for all damages and costs of collection, including reasonable attorneys' fees, sustained by the Receiver with respect to the Replacement Notes and Bajjali Guaranty Agreements.

## V.
## PRAYER

71. Receiver respectfully requests that this Court enter Judgment in his favor providing that:

(a) LFW Fund breached the LFW Replacement Notes;

(b) West Houston Fund breached the West Houston Replacement Notes;

(c) Wallace breached the Wallace Guaranty Agreements;

(d) Bajjali breached the Bajjali Guaranty Agreements;

(e) LFW Fund, Wallace and Bajjali are, with respect to the LFW Replacement Notes and applicable Guaranty Agreements, jointly and severally liable to the Receiver for damages of $533,706.75, plus interest accruing at $122.74 per day from January 30, 2015 until payment is made to the Receiver;

(f) West Houston Fund, Wallace and Bajjali are, with respect to the West Houston Replacement Notes and applicable Guaranty Agreements, jointly and severally liable to the Receiver for damages of $979,096.62, plus interest accruing at $179.37 per day from January 30, 2015 until payment is made to the Receiver;

(g) LFW Fund, West Houston Fund, Wallace and Bajjali are jointly and severally liable to the Receiver for all costs of collection, including reasonable attorneys' fees, associated with the Receiver's claims against the Defendants; and

(h) Receiver is entitled to such other and further relief, at law and in equity, as the Court deems proper under the circumstances.

Dated: January 29, 2015

Respectfully submitted,

THE TAYLOR LAW OFFICES, P.C.

By:   /s/ Andrew M. Goforth
      Andrew M. Goforth

Andrew M. Goforth
Texas State Bar: 24076405
*goforth@tltaylorlaw.com*

4550 Post Oak Place Drive, Suite 241
Houston, Texas 77027
Tel:  (713) 626-5300
Fax:  (713) 402-6154

COUNSEL FOR RECEIVER