IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Thomas L. Taylor III, solely in his capacity as Court-appointed Receiver for Kaleta Capital Management, Inc., *et al.*, | § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 4:15-cv-272 |
| David G. Wallace, Costa Bajjali, Laffer Frishberg Wallace Economic Opportunity Fund, L.P. d/b/a LFW Economic Opportunity Fund, and West Houston WB Realty Fund, L.P., | § § § § § § § | |
| *Defendants*. | § § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**under Rule 26(f) of the**
**Federal Rules of Civil Procedure**

**1. State where and when the conference among the parties required by Rule 26(f) of the Federal Rules of Civil Procedure was held, and identify the counsel who attended for each party, including name, address, bar number, phone and fax numbers and email addresses.**

The FED. R. CIV. P. 26(f) conference between the Parties occurred by telephone at 11 o'clock a.m. on Thursday, March 5, 2015.

Attending as counsel for Plaintiff Thomas L. Taylor III ("Receiver"), solely in his capacity as Court-appointed Receiver for Kaleta Capital Management, Inc. ("KCM"), BusinessRadio Network, L.P. ("BizRadio") and Daniel Frishberg Financial Services, Inc. ("DFFS"):

Andrew Goforth
Texas State Bar: 24076405
*goforth@tltaylorlaw.com*

The Taylor Law Offices, P.C.
4550 Post Oak Place Drive, Suite 241
Houston, Texas 77027
Tel:   (713) 626-5300
Fax:   (713) 402-6154

Defendants David G. Wallace ("Wallace") and Costa Bajjali ("Bajjali") (together "Defendants") attended *pro se*:

<u>David G. Wallace</u>
1634 Brookstone Ln.
Sugar Land, TX 77479
*dgwallace007@gmail.com*
(281) 731-2565

<u>Costa Bajjali</u>
2911 Waters Lake Ln.
Missouri City, TX 77459
*cbajjali@wallacebajjali.com*
(281) 221-3749

Defendants Laffer Frishberg Wallace Economic Opportunity Fund, L.P. d/b/a LFW Economic Opportunity Fund ("LFW Fund") and West Houston WB Realty Fund, L.P. ("West Houston Fund") (together the "Note Defendants") are not represented by counsel, have failed to appear or defend in this action, and did not attend. Defendant Wallace is the Note Defendants' registered agent in Texas.

**2. List the cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.**

- *SEC v. Kaleta, et al.*, No. 09-cv-3674 (S.D. Tex. 2009) (the "Enforcement Action"); the action in which the Receiver was appointed, and in which the Compromise Settlement and Release Agreement giving rise to this action was approved by this Court.

- *SEC v. Wallace and Bajjali*; No. 11-cv-1932 (S.D. Tex. 2011); an enforcement action based upon the conduct of Defendants Wallace and Bajjali as control persons of Defendant LFW Fund, related to investments by LFW Fund into Receivership entity BusinessRadio Network, L.P.

- *Ellisor et al. v. Daniel Frishberg, David Gordon Wallace, Jr., Costa Bajjali, Wallace Bajjali Development Partners, L.P., Wallace Bajjali Investment Fund II, L.P., Wallace Bajjali Management, L.L.C., Nancy Golan, trustee for Whitney Leigh Wallace 1996 Sub-S Trust, Nancy Golan, trustee for Jaqueline Marie Wallace 1996 Sub-S Trust, WB Substitute GP, L.L.C., Laffer Frishberg Wallace Economic Opportunity Fund, L.P., WB Real Estate Holdings, L.L.C., West Houston WB Realty Fund, L.P., WC Perry Properties Realty Fund, L.P., Arthur Laffer, Boyar Miller, P.C., Sol Schwartz & Associates, P.C., and Fitts Roberts & Co., P.C., and Elisea Frishberg*; Cause No. 2014-36580, in the 61st Judicial District Court of Harris County, Texas; suit by, *inter alia*, limited partners of the Note Defendants related to investments made into the Note Defendants.

- *In re Porter Development Partners LLC*; No. 4:15-bk-31305 (S.D. Bankr. Tex. 2015) (voluntary petition filed 3/3/2015); Defendants Wallace and Bajjali control debtor; Note Defendants own interests in debtor assets.

- *In re WB Murphy Road Development LLC*; No. 4:15-bk-31307 (S.D. Bankr. Tex. 2015) (voluntary petition filed 3/3/2015); Defendants Wallace and Bajjali control debtor; Note Defendants own interests in debtor assets.

- *LoweryBank, a Division of Huntington State Bank v. David G. Wallace and Costa Bajjali*; Cause No. 2015-221898, in the 240th Judicial District Court of Ft. Bend County, Texas; suit by LoweryBank against Defendants Wallace and Bajjali on guaranty agreements entered into with respect to loans made to WB Murphy Road Development LLC, controlled by Defendants Wallace and Bajjali and currently in bankruptcy.

**3. Briefly describe what this case is about.**

The Note Defendants executed five replacement promissory notes (the "Replacement Notes") pursuant to a Compromise Settlement and Release Agreement approved by this Court in the Enforcement Action. *See* EA Docs. # 113-1 (the "Settlement Agreement"), 170, 210. Pursuant to the Settlement Agreement, Defendants Wallace and Bajjali each executed a guaranty agreement with respect to each Replacement Note executed by the Note Defendants (the "Guaranty Agreements").

No payments were made on the Replacement Notes prior to maturity on December 31, 2014. On January 5, 2015, the Receiver made written demand for payment upon the Note Defendants, through counsel. The Note Defendants failed to respond to this written demand for payment. On January 14, 2015, the Receiver made written demand for payment upon Wallace and Bajjali, through counsel. Wallace and Bajjali failed to respond to this written demand for payment within 10 business days, as required by the Guaranty Agreements, or at all.

The Receiver then commenced the present action asserting breach of contract as to the Replacement Notes (against the Note Defendants) and Guaranty Agreements (against Wallace and Bajjali).

**4. Specify the allegation of federal jurisdiction.**

This action arises from the appointment of an equity receiver in a SEC enforcement action, giving this Court jurisdiction under Section 22(a) of the Securities Act of 1933 (the "Securities Act") (15 U.S.C. § 77v(a)), Section 27 of the Securities

Exchange Act of 1934 (the "Exchange Act") (15 U.S.C. § 78aa), and pursuant to FED. R. CIV. P. 4(k)(1)(c) and 28 U.S.C. §§ 754 and 1692. As the Court that appointed the Receiver, this Court has jurisdiction over any claim brought by the Receiver in his capacity as Receiver.

Moreover, this Court approved, and retained jurisdiction over disputes arising out of, the Settlement Agreement between Receiver and Defendants. *See* EA Doc. 210 p. 4 ¶ 6 ("The Court shall have and retain jurisdiction over all matters related to the administration, interpretation, effectuation, or enforcement of this Order, the Compromise Settlement and Release Agreement between the Wallace Bajjali Parties and the Receiver, and any related disputes"). The Replacement Notes and Guaranty Agreements executed pursuant to the Court-approved Settlement Agreement form the basis for this action. Further, Defendants submitted to this Court's jurisdiction through the Replacement Notes and Guaranty Agreements executed pursuant to the parties' Settlement Agreement.

**5. Name the parties who disagree with the plaintiff's jurisdictional allegations and state their reasons.**

N/a.

**6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

The Receiver anticipates that other parties may be added following the receipt of discovery related to the assets of the Defendants. Specifically, but without limitation, the

Receiver will seek financial information related to the assets of Note Defendants, which on information and belief own interests in WB Real Estate Holdings, LLC, which in turn owns interests in entities that own the real estate assets referenced in the Replacement Notes (the sale of which would have triggered maturity prior to December 31, 2014).

**7. List anticipated interventions.**

N/a.

**8. Describe class-action issues.**

N/a.

**9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

The Parties agreed at the Rule 26(f) conference to serve initial disclosures required by Rule 26(a) before this Court's Status Conference on March 24, 2015.

Bajjali now proposes to file his initial disclosures on or before April 24, 2015.

**10. Describe the proposed agreed discovery plan, including:**

**a. responses to all the matters raised in Rule 26(f), including any agreements (and disputes) concerning electronic discovery;**

The Parties agree that discovery will be on all matters and subjects set forth in the live pleadings currently before the Court in this case. It is anticipated that discovery will be made by all processes available under the Federal Rules of Civil Procedure, including

written discovery and depositions of fact and expert witnesses. The Parties believe that no changes to the scope and limits of discovery under the Federal Rules of Civil Procedure should be made at this time and see no reason at this time to conduct discovery in phases.

The Parties have no objections to the disclosure requirements of Rule 26(a)(1).

The Parties agree that they will each preserve the discoverable information -- including, but not limited to, electronically stored information (ESI) -- in their possession, custody, or control.

The Receiver has specifically demanded that Wallace and Bajjali preserve all discoverable information regarding the Receiver's allegations against Defendants; Defendants' defenses to those allegations; and Defendants' financial information (including information related to sworn financial disclosures previously made to the Receiver pursuant to subpoena issued under the Order Appointing Receiver); Defendants' ownership, employment or other involvement with any other Wallace/Bajjali related entity or person, including without limitation:

- Wallace Bajjali Development Partners, L.P.; Wallace Bajjali Investment Fund II, L.P.; Wallace Bajjali Management, LLC; Whitney Leigh Wallace 1996 Sub-S Trust; Jaqueline Marie Wallace 1996 Sub-S Trust; WB Substitute GP, LLC; WB Real Estate Holdings, LLC; WC Perry Properties Realty Fund, L.P.; Creekmont Plaza Partners, LP; Creekmont Plaza Partners GP, LLC; Lakecrest Village Investment, LLC; K&S/WB Holding Associates; Meadowcrest Developers 226, LP; Meadowcrest Developers GP, LLC; Morton & Mason Partners, LP; Morton & Mason Partners GP, LLC; Morton & Porter, LP; Morton & Porter GP, LLC; Morton Ranch Homebuilding Partners, LLC; Riata West Investments, LLC; Spring Cypress Investments, LP; Spring Cypress Investments GP, LLC; Spring Morton, LP; Spring Morton GP, LLC; Porter Development Partners, LLC; WB

Sam Houston, LLC; WB 2610, LLC; WB Chancel Development Partners, LP; WB Chancel GP, LLC; WB Sanctuary Development Partners, LP; WB Sanctuary GP, LLC; Replacement Sanctuary GP, LLC; WB White Oak Lake Development, LP; WB White Oak Lake GP, LLC; Zoe Zade, LLC; Austin Avenue Contribution Company, LLC; SWB Heritage Square Partners, LP; SWB Heritage Square GP, LLC; SWB River Square Center Partners, LP; SWB River Square GP, LLC; SWB Waco SH, LP; Waco SWB SH GP, LLC; SWB Waco SH GP, LLC; Waco Student Housing Equity, LP; Waco Student Housing Equity GP, LLC; Waco Town Square Partners, LP (AAF); Waco Town Square Management, LLC; Waco Town Square Partners II, LP; Waco Town Square Management II, LLC; WTS Heritage Square, LLC; Hampton Pointe Holdings, LLC; WB-OM Al Development l, LLC; WB-OM IL Development I, LLC; WB Murphy Residential, LLC; WB Murphy Road Development, LLC; ZT Group Business Center One (Pearland) LP; West Houston WB Realty Fund, LP; WB Substitute GP, LLC; LFW Economic Opportunity Fund, LP; LFW Management, LLC; Wallace Bajjali Investment Fund II, LP; WSIF II GP, LLC; WB Real Estate Holdings, LLC; US Public-Private Real Estate Fund I, LP; PPP Management, LLC; Barfield Redevelopment, LLC; Hampton Pointe Residential Dev., LLC; WBE Construction Management, LLC; Porter CWJ Investments, LLC; and WBTZ Developers, LLC.

Defendants assert that the majority of the paper records are located in the Wallace Bajjali offices, which have been locked by the landlord, and that they do not have access to those records. Defendants further assert that a former Wallace Bajjali "IT" professional, a 3rd party vendor, maintains the server containing the majority of the ESI in an offsite location from the Wallace Bajjali offices. Defendants have access to that server, but assert that the server is not within their control.

The Receiver asserts that, as the owners of Wallace Bajjali Development Partners, LP and as the owners of the general partners of the Note Defendants, these paper and ESI records are within Defendants' possession, custody, or control.

With respect to electronic discovery or document production, the Receiver proposes that the Parties produce responsive emails in OCR/search capable .pdf format, converted from Microsoft Outlook or a similar program using Adobe Acrobat or a similar program. The Receiver further proposes that all attachments to such emails be embedded in native form in the produced .pdf format email files. The Receiver further proposes that Microsoft Excel files and Microsoft PowerPoint files (or equivalents) which are not attachments to emails produced in the manner above shall be produced in native form with a unique Bates label included in the file name.

The Receiver proposes that, to the extent that data is not stored electronically, production of .pdf images of each document with Bates labels is acceptable.

Defendants oppose the Receiver's proposals above with respect to the manner of production of documents. Defendants propose to produce documents electronically or in hard copy without Bates Labels, and will not object to the Receiver's generating Bates Labels for those documents. The Receiver objects to this proposal as shifting the entire cost burden to the Receiver (and the Receivership Estate) for all document production.

The Parties do not anticipate that any unique or unusual privilege issues will arise in this matter. However, should any Party assert a claim of privilege or other protection from production, the Parties will comply with the Federal Rules of Civil Procedure concerning those assertions and will seek guidance from the Court only as necessary if those matters cannot be resolved between or among the Parties.

With respect to Orders pursuant to FED. R. CIV. P. 26(c), the Parties anticipate moving the Court at a future date for entry of an Order for the protection of confidential information.

**b. when and to whom the plaintiff anticipates it may send interrogatories;**

The Receiver anticipates serving Interrogatories on the Defendants within 30 days of the Court's determination of Receiver's Motion for Summary Judgment [Doc. # 15] and Motion for Entry of Default Judgments [Doc. # 19].

**c. when and to whom the defendant anticipates it may send interrogatories;**

Defendants anticipate serving Interrogatories and Requests for Production on Plaintiff and other Defendants prior to June 1, 2015.

**d. of whom and by when the plaintiff anticipates taking oral depositions;**

The Receiver anticipates serving Notices of Deposition on the Defendants within 30 days of the Court's determination of Receiver's Motion for Summary Judgment [Doc. # 15] and Motion for Entry of Default Judgments [Doc. # 19]. The Receiver anticipates that oral depositions will be completed by October 30, 2015.

**e. of whom and by when the defendant anticipates taking oral depositions;**

Defendants anticipate serving Notices of Deposition on the Plaintiff and other witnesses, including other Defendants prior to September 1, 2015

**f.**

**(i) the date experts for plaintiff (or party with the burden of proof on an issue) will be designated and their reports provided to opposing party;**

July 24, 2015.

**(ii) the date experts for defendant will be designated and their reports provided to opposing party;**

August 31, 2015.

**g. list of expert depositions the plaintiff (or party with the burden of proof on an issue) anticipates taking and their anticipated completion date (see Rule 26(a)(2)(B) (expert report)); and**

Unknown at this time. The Receiver anticipates expert depositions will be completed by October 30, 2015.

**h. list of expert depositions the defendant (or opposing party) anticipates taking and their anticipated completion date (see Rule 26(a)(2)(B) (expert report));**

Unknown at this time. Defendants anticipate expert depositions will be completed by October 30, 2015.

**11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

As stated above, Defendants oppose the Receiver's proposals above with respect to the manner of production of documents. Defendants propose to produce documents

electronically or in hard copy without Bates Labels, and will not object to the Receiver's generating Bates Labels for those documents. The Receiver objects to this proposal as shifting the entire cost burden to the Receiver (and the Receivership Estate) for all document production.

**12. Specify the discovery beyond initial disclosures that has been undertaken to date.**

The Receiver has previously subpoenaed the production of documents from Defendants (and related affiliates) in the Enforcement Action pursuant to the Order Appointing Receiver.

No discovery has taken place in this case to date.

**13. State the date the planned discovery can reasonably be completed.**

October 30, 2015.

**14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in the Rule 26(f) meeting.**

Counsel for the Receiver discussed settlement of the case with Wallace and Bajjali at the Rule 26(f) conference, but the parties could not agree upon terms.

**15. Describe what each party has done or agreed to do to bring about a prompt resolution of this dispute.**

The Receiver has expeditiously prosecuted this action. The Receiver has moved for summary judgment against Wallace and Bajjali, the parties which have appeared and

defended in this case, and has moved for default judgments with respect to the Note Defendants, which have failed to answer the Receiver's Complaint or otherwise defend in this action.

**16. From the attorneys' discussion with their client(s), state the alternative dispute resolution techniques that are reasonably suitable.**

  The Receiver does not believe that alternative dispute resolution is appropriate for this case.

  Defendants believe that mediation at the conclusion of discovery is warranted.

**17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

  The Receiver does not consent to trial before a magistrate.

**18. State whether a jury demand has been made and if it was made on time.**

  No jury demand has been made in this case, timely or otherwise.

  Defendants intend to demand a jury trial. The Receiver reserves all rights with respect to any opposition to a jury demand by Defendants.

**19. Specify the number of hours it will take to try this case (including jury selection, presentation of evidence, counsel's opening statements and argument, and charging the jury).**

  The Receiver contends approximately 8 hours or less.

  Defendants contend that a jury trial will take at least 32 hours.

**20. List pending motions that could be ruled on at the initial pretrial conference.**

N/a.

**21. List other pending motions.**

- Receiver's Motion for Partial Summary Judgment against Wallace and Bajjali [Doc. # 15]. Responses of Wallace and Bajjali are due by April 6, 2015. Reply of Receiver is due by April 13, 2015. *See* Doc. # 18.

- Receiver's Motion for Entry of Default Judgments against LFW Fund and West Houston Fund [Doc. # 19], filed March 17, 2015.

**22. Indicate other matters peculiar to this case, including but not limited to traditional and electronic discovery issues, that deserve the special attention of the court at the conference.**

As stated above, Defendants assert that the majority of the paper records are located in the Wallace Bajjali offices, which have been locked by the landlord, and that they do not have access to those records. Defendants further assert that a former Wallace Bajjali "IT" professional, a 3rd party vendor, maintains the server containing the majority of the ESI in an offsite location from the Wallace Bajjali offices. Defendants have access to that server, but assert that the server is not within their control.

The Receiver asserts that, as the owners of Wallace Bajjali Development Partners, LP and as the owners of the general partners of the Note Defendants, these paper and ESI records are within Defendants' possession, custody, or control.

**23. Certify that all parties have filed Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.**

    Receiver's Disclosure of Interested Persons was filed February 13, 2015. Doc. # 4.

    Wallace's Disclosure of Interested Persons has not yet been filed.

    Bajjali's Disclosure of Interested Persons has not yet been filed.


**24. List the names, bar numbers, addresses, email addresses, and telephone numbers of all counsel.**

*Counsel for Plaintiff Receiver Thomas L. Taylor III:*

Andrew Goforth
Texas State Bar: 24076405
*goforth@tltaylorlaw.com*

THE TAYLOR LAW OFFICES, P.C.
4550 Post Oak Place Drive, Suite 241
Houston, Texas 77027
Tel:   (713) 626-5300
Fax:   (713) 402-6154

*Pro se:*

David G. Wallace
1634 Brookstone Ln.
Sugar Land, TX 77479
*dgwallace007@gmail.com*
(281) 731-2565

Costa Bajjali
2911 Waters Lake Ln.
Missouri City, TX 77459
*cbajjali@wallacebajjali.com*
(281) 221-3749

Dated: March 20, 2015　　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　　　　THE TAYLOR LAW OFFICES, P.C.

　　　　　　　　　　　　　　　　　　　　By:   /s/ Andrew M. Goforth

　　　　　　　　　　　　　　　　　　　　Andrew M. Goforth
　　　　　　　　　　　　　　　　　　　　Texas State Bar: 24076405
　　　　　　　　　　　　　　　　　　　　*goforth@tltaylorlaw.com*

　　　　　　　　　　　　　　　　　　　　4550 Post Oak Place Drive, Suite 241
　　　　　　　　　　　　　　　　　　　　Houston, Texas 77027
　　　　　　　　　　　　　　　　　　　　Tel: (713) 626-5300
　　　　　　　　　　　　　　　　　　　　Fax: (713) 402-6154

　　　　　　　　　　　　　　　　　　　　COUNSEL FOR RECEIVER



　　　　　　　　　　　　　　　　　　　　  /s/ David G. Wallace
　　　　　　　　　　　　　　　　　　　　David G. Wallace
　　　　　　　　　　　　　　　　　　　　*Pro Se*
　　　　　　　　　　　　　　　　　　　　1634 Brookstone Ln.
　　　　　　　　　　　　　　　　　　　　Sugar Land, TX 77479
　　　　　　　　　　　　　　　　　　　　*dgwallace007@gmail.com*
　　　　　　　　　　　　　　　　　　　　(281) 731-2565


　　　　　　　　　　　　　　　　　　　　  /s/ Costa Bajjali
　　　　　　　　　　　　　　　　　　　　Costa Bajjali
　　　　　　　　　　　　　　　　　　　　*Pro Se*
　　　　　　　　　　　　　　　　　　　　2911 Waters Lake Ln.
　　　　　　　　　　　　　　　　　　　　Missouri City, TX 77459
　　　　　　　　　　　　　　　　　　　　*cbajjali@wallacebajjali.com*
　　　　　　　　　　　　　　　　　　　　(281) 221-3749