UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THOMAS L. TAYLOR, III, solely in his capacity as Court-appointed Receiver for Kaleta Capital Management, Inc., *et. al.*, Plaintiff, | § § § § § § | |
| v. | § § | CIVIL ACTION NO. H-15-0272 (Receivership Action) |
| DAVID G. WALLACE, *et al.*, Defendants. | § § | |

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiff and Court-Appointed Receiver Thomas L. Taylor, III's (the "Receiver")[1] Motion for Partial Summary Judgment ("Motion") [Doc. # 15], seeking judgment as a matter of law against Defendants David G. Wallace ("Wallace") and Costa Bajjali ("Bajjali"). Defendant Wallace, who appeared in this case *pro se*, filed for bankruptcy protection on March 24, 2015, in the Southern District of Texas, Houston Division. Bankruptcy Case No. 15-31594-H4-7. *See* Notice of Initiation of Proceeding Under the Bankruptcy Code [Doc. # 21]. Due to the Bankruptcy Code automatic stay, 11 U.S.C. § 362, no relief against Wallace

---

[1]   Taylor was appointed as receiver for Kaleta Capital Management, Inc., BusinessRadio Network, LP, Daniel Frishberg Financial Services, Inc. and any entities they own or control by Order of this Court in the related action styled *Securities and Exchange Commission v. Albert Fase Kaleta, et al.*, Civil Action No. 4:09-cv-03674 (the "Enforcement Action") [Enforcement Action Doc. # 7, as modified by Doc. # 34].

may be granted at this stage. Defendant Bajjali has not filed for bankruptcy protection.

Bajjali, also appearing *pro se*, failed to respond to the Receiver's Motion, even after the Court, at Bajjali's request, extended the response deadline to April 13, 2015. *See* Hearing Minutes and Order [Doc. # 22]. Pursuant to the Local Rules of the United States District Court for the Southern District of Texas, failure to respond to a motion is taken as a representation of no opposition. S.D. TEX. R. 7.3, 7.4. Nevertheless, the Court must consider the merits of the Receiver's Motion before awarding summary judgment against Bajjali. *Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1022-23 (5th Cir. 1995).

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). *See Celotex Corp.*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). Where the movant bears the burden of proof at trial on the issues at hand, as is the case here, he "bears the initial responsibility of demonstrating the absence of a genuine issue of material fact with respect to those issues." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718 (5th Cir. 1995); *see also Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). If the moving party meets his initial burden, the non-movant must go beyond the pleadings and

designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001).  "An issue is material if its resolution could affect the outcome of the action.  A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In Count VII of the Complaint, the Receiver sues Bajjali for breach of Guaranty Agreements (the "Guaranties") between Bajjali and the Receiver. Original Complaint ("Complaint") [Doc. # 1], ¶¶ 64-70.  The Receiver provides copies of the five Guaranties signed by Bajjali as Guarantor.  The admissibility and authenticity of the Guaranties has not been contested.  The Guaranties state in Section 5 that, upon default by "Maker,"[2] Bajjali "shall pay the amount then due on the Guranteed Debt to Payee [the Receiver] within 10 Business Days after written demand" and that "it shall not be necessary for Payee [the Receiver], in order to enforce such payment by Guarantor, to first or concurrently institute suit or exhaust remedies against Maker or others liable on such indebtedness."  Exhibits L, M, N, O, and P to Motion [Docs.

---

[2]   Two of these Guaranties are related to Notes executed by Defendant Laffer Frishberg Wallace Economic Opportunity Fund, L.P. d/b/a LFW Economic Opportunity Fund ("LFW Fund").  Default judgment has been entered in this case against LFW Fund [Doc. # 23].  Three Guaranties are in connection with Notes signed by Defendant West Houston WB Reality Fund, L.P. ("West Houston Fund"), which filed for bankruptcy protection on April 2, 2015.

# 15-12, # 15-13, # 15-14, # 15-15, and # 15-16], § 5.  The Receiver submits uncontested proof of: (1) the Maker's (LFW Fund's and West Houston Fund's) default, *see* Declaration of Receiver Thomas L. Taylor III in Support of Receiver's Motion for Summary Judgment ("Taylor Decl.") [Doc. # 15-1], ¶¶ 11-12; (2) written demand subsequently sent to Bajjali dated January 14, 2015, requiring payment within 10 business days, *see* Exhibit R to Motion [Doc. # 1-18]; and (3) Bajjali's failure to respond to the Receiver's written demand and failure to make the payments owed under the Guaranties, *see* Taylor Decl., ¶¶ 12-13.  The Court concludes that Bajjali breached these valid and enforceable Guaranties as a matter of law by failing to timely pay the amounts owed.  The Receiver accordingly is entitled to summary judgment against Bajjali on all five Guaranties.  It is therefore

**ORDERED** that the Receiver's Motion for Partial Summary Judgment [Doc. # 15] is **GRANTED** with respect to Defendant Bajjali, and **DENIED without prejudice** regarding Defendant Wallace.

Pursuant to Federal Rule of Civil Procedure 54(b), the Court determines that there is no just reason for delaying entry of final judgment on the Receiver's claims against Bajjali.  Accordingly, it is hereby

**ORDERED** that, pursuant to Federal Rule of Civil Procedure 54(b), the Receiver's claims against Defendant Bajjali are **severed** from the other claims in this

case for purposes of entering final judgment against Bajjali. It is further

**ORDERED** that the Receiver must file with the Court by **April 21, 2015,** a proposed final judgment against Bajjali. Upon entry of final judgment against Bajjali, the Court will enter an order staying and administratively closing this case pending resolution of the remaining Defendants Wallace and West Houston Fund's bankruptcy proceedings or other orders permitting this matter to proceed against the bankrupt Defendants.

SIGNED at Houston, Texas, this 16th day of **April, 2015**.

_____
Nancy F. Atlas
United States District Judge